**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-10036
Summary Calendar

ESTATE OF CAPTAIN BRADLEY JAMES THOMPSON, Deceased;
RACHEL RUIZ, Individually

Plaintiffs - Appellants

v.

SUN LIFE ASSURANCE COMPANY OF CANADA

Defendant - Appellee

No. 09-10365
Summary Calendar

SUN LIFE ASSURANCE COMPANY OF CANADA

Defendant-Appellant

v.

ESTATE OF CAPTAIN BRADLEY JAMES THOMPSON, Deceased;
RACHEL RUIZ, Individually

Plaintiffs-Appellees

Appealsfrom the United States District Court
for the Northern District of Texas
USDC No: 4:07-cv-00594

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This employee-benefit case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. §§ 1001-1461. The beneficiary of a life-insurance plan brought suit over a benefit denial, and the district court granted summary judgment to the plan provider. The beneficiary appeals, and the provider cross-appeals. We AFFIRM the judgment.

## I. FACTS AND PROCEDURAL HISTORY

On October 20, 2006, Captain Bradley James Thompson was found dead in his bedroom, nude and hanging by his neck. After an autopsy, the Tarrant County Medical Examiner's Office concluded that the cause of death was hanging and the manner of death was accidental. The parties do not dispute that Thompson's death was accidental and occurred during an act of autoerotic asphyxiation. Autoerotic asphyxiation has been described as "the practice of limiting the flow of oxygen to the brain during masturbation in an attempt to heighten sexual pleasure." *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1450 (5th Cir. 1995).

Thompson's employer delegated administrative authority over its employee-benefit plan to defendant Sun Life Assurance Company, the plan provider. Sun Life paid Thompson's named beneficiary, Rachel Ruiz, the basic life-insurance benefits due under the plan. Sun Life denied Ruiz's claim for accidental death and dismemberment benefits. The policy excluded a loss "which is due to or results from . . . intentionally self-inflicted injuries." Ruiz

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealed the denial of the accidental death and dismemberment benefit, and Sun Life denied the appeal.

Ruiz then filed suit in Texas state court, alleging that the denial violated ERISA and also alleging state law claims of negligent misrepresentation and violation of Texas Insurance Code. Sun Life removed the case to federal district court. Ruiz acknowledged that her state law claims were preempted by ERISA. The district court granted summary judgment to Sun Life, finding that Sun Life did not abuse its discretion in finding the self-inflicted injury exclusion applicable. The district court denied Sun Life attorney's fees.

On appeal, Ruiz first argues that the district court applied the wrong standard of review to Sun Life's determination. She then argues that the court erred in finding the self-inflicted injury exclusion not waived. Finally, she argues that the policy benefits were improperly denied under the self-inflicted injury exclusion. Sun Life cross-appeals, alleging that the district court erred in striking the review of Dr. Katherine Hollister, an independent medical consultant hired by Sun Life, from the administrative record, and that the district court abused its discretion in denying Sun Life's motion for attorney's fees. Ruiz also moves this court for attorney's fees, and Sun Life moves to strike that motion.

## II. DISCUSSION

When a district court has granted summary judgment, we review the decision by applying the same standards as the district court was required to apply. *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 537 (5th Cir. 2007). We view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (internal quotations omitted); *see also* Fed. R. Civ. P. 56(c). Summary judgment is granted if there is no genuine issue of material fact. *Id.*

Ruiz argues that the standard of review applied in the district court was erroneous. She argues that the district court should have given the administrator's determination *de novo*, not abuse of discretion, review. We find the abuse of discretion standard proper under these circumstances.

The district court is to apply abuse of discretion review where the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Lafleur v. La. Health Serv. and Indem. Co.*, 563 F.3d 148, 158 (5th Cir. 2009). The administrator's factual determinations are also reviewed for abuse of discretion. *Lafleur*, 563 F.3d at 159.

Ruiz challenges the discretionary authority granted to Sun Life on several grounds. Ruiz questions the employer's right to delegate, and also alleges that there is inconsistency between the plan and the policy. Ruiz also claims that there is some ambiguity in the plan and that there was not proper notice of the delegation.

In this case, the policy provided Sun Life with discretionary authority to determine eligibility benefits with the following language:

> The Plan Administrator has delegated to Sun Life its entire discretionary authority to make all final determinations regarding claims for benefits under the benefit plan insured by this Policy. This discretionary authority includes, but is not limited to, the determination of eligibility for benefits, based upon enrollment information provided by the Policyholder, and the amount of any benefits due, and to construe the terms of this Policy.

> Any decision made by Sun Life in the exercise of this authority, including review of denials of benefit, is conclusive and binding on all parties. Any court reviewing Sun Life's determinations shall uphold such determination unless the claimant proves Sun Life's determinations are arbitrary and capricious.

4

This language is a clear and proper delegation of discretionary authority to Sun Life. Further, upon review of the record, we find no inconsistency between the plan and the policy. Therefore, the district court properly applied the abuse of discretion standard of review.

*A. Waiver of Exclusion*

Ruiz alleges that the district court erred in finding that the policy exclusion defense was not waived. Ruiz argues that Sun Life waived the policy exclusion by not raising it as an affirmative defense in its answer.

In this case, Ruiz was first put on notice of the exclusion's applicability on December 20, 2006, when Sun Life stated in a letter to her that it was denying accidental death benefits. At that time, Sun Life stated that Thompson's death fell within the policy's exclusions for intentionally self-inflicted injuries.

Federal Rule of Civil Procedure 8(c) requires that affirmative defenses be included in the initial responsive pleading. Fed. R. Civ. P. 8(c). Waiver generally results from failure to follow this rule. WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1278. "Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983). A defense is not waived if raised at a "pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008) (quotation marks and citation omitted).

Sun Life argues that it incorporated the self-injury exclusion into its answer when it asserted as an affirmative defense that the denial "was not arbitrary and capricious and/or was otherwise in accordance with the terms of the employee benefit plan." We do not decide if this standing alone was enough to put Ruiz on notice of the exclusion.

Here, however, we find no prejudice or unfair surprise. Ruiz was first put on notice of the exclusion's applicability at the time of the initial benefit denial. Sun Life in its denial letter stated that the denial was because of the self-inflicted injury exclusion. Further, Ruiz discussed the exclusion in her own motion for summary judgment. Ruiz does not allege, nor does the record reveal there to have been, any prejudice resulting from the failure to explicitly plead the exclusion in the answer.

## B. *Striking the Dr. Hollister File Review*

We now consider the district court's order granting Ruiz's motion to strike Dr. Hollister's file review from the administrative record. On cross-appeal, Sun Life alleges that the district court erred in striking the file review of Dr. Hollister for Sun Life's failure to comply with the terms of the plan in not disclosing the identity of its independent medical expert. We review a motion to strike for abuse of discretion. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

We review challenges to ERISA procedures under a substantial compliance standard. *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256-57 & n.5 (5th Cir. 2005). "[T]echnical noncompliance with ERISA procedures will be excused so long as the purpose of section 1133 have been fulfilled." *Robinson v. Aetna Life Ins.*, 443 F.3d 389, 393 (5th Cir. 2006) (internal quotation marks omitted). The purpose of the ERISA procedures is "to afford the beneficiary an explanation of the denial of benefits that is adequate to ensure meaningful review of that denial." *Lafleur*, 563 F.3d at 154 (5th Cir. 2009) (quoting *Schneider v. Sentry Long Term Disability*, 422 F.3d 621, 627-28 (7th Cir. 2005)).

The district court properly found that the communications between Sun Life and Ruiz, consisting of the benefits booklet and the two denial letters, substantially complied with the requirements of 29 U.S.C. § 1133 of ERISA and the Department of Labor regulations promulgated pursuant to that section. *See*

29 C.F.R. § 2560.503-1. Further, it is not disputed that Dr. Hollister's file review was made only after the initial denial, and thus we find no defect in the first denial letter by its failure to mention Dr. Hollister.

The district court also found, though, that Sun Life's appeal denial letter did not comply with the terms of the policy as set forth in the benefits booklet. Specifically, Sun Life did not – as the benefits booklet required – provide Ruiz with "written notice of denial setting forth . . . the identity of any medical or vocational experts whose advice was obtained in connection with the appeal, regardless of whether the advice was relied upon to deny the appeal." Sun Life concedes that the appeal denial did not technically comply with the benefits booklet.

Though the name of the expert was not provided, there has been no argument that Ruiz was in anyway adversely affected. For example, there were no additional levels of administrative review to pursue in which knowing the name of the expert might have allowed some challenge to the expert's opinion. The record indicates that Ruiz received the file review well in advance of the district court proceedings. The district court issued a scheduling order on January 24, 2008, and Sun Life gave the administrative record containing the file review to Ruiz shortly thereafter. The first dispositive motion by Ruiz, her motion for summary judgment, was not filed until April 30, 2008. The intervening time was ample for Ruiz to react adequately to the file review and respond to it in her motion for summary judgment.

Thus, even though the technical requirements of the benefits booklet were not followed, the purposes of ERISA's procedures were not undermined. We find the district court's grant of Ruiz's motion to strike to be an abuse of discretion. We therefore will consider Dr. Hollister's file review in our *de novo* review of the record in this case.

C. *Applicability of Self-Inflicted Injury Exclusion*

Ruiz's final claims relate to the decision to deny accidental death and dismemberment benefits.

A denial of benefits is not an abuse of discretion if it "is supported by substantial evidence and is not arbitrary and capricious." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks and citation omitted). The question of whether there is substantial evidence must be considered "in the light of all the evidence." *Corry v. Liberty Life Assur. Co. of Boston*, 499 F.3d 389, 399 (5th Cir. 2007). A decision is arbitrary if it is "made without a rational connection between the known facts and the decision." *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (quotation marks and citation omitted).

Where, as here, the same entity is responsible both for determining eligibility and for paying benefits, that conflict of interest must be considered in determining whether there has been an abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2351 (2008).

In determining whether the injury was intentional, the administrator must "ask whether a reasonable person, with background and characteristics similar to the insured, would have viewed the injury as highly likely to occur as a result of the insured's intentional conduct." *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 397 n.10 (5th Cir. 1998) (quoting *Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1088 (1st Cir. 1990)).

The autopsy report showed that Thompson had hanged himself and noted multiple injuries to his body resulting from that hanging. Dr. Hollister concluded that Thompson "intended to deprive his brain of oxygen," and noted there was no evidence of an escape mechanism. The medical examiner

characterized autoerotic asphyxiation as a "high risk activity." Dr. Hollister's file review said that a ligature around the neck "would cause soft tissue damage varying in severity with its tightness and weight applied." Various other injuries that result from this act with some frequency and which require hospitalization were described.

Sun Life's denial letter found that Thompson had been engaged in a high risk activity "which he knew could cause serious or fatal injury." What the deceased "knew" can at best be based on circumstantial evidence, but the evidence we have summarized supports the existence of knowledge.

Our review requires us to determine whether Sun Life's finding was an abuse of discretion based on the evidence available. To the extent the district court's opinion finds that any injuries resulting from autoerotic asphyxiation are *per se* intentional self-inflicted injuries, that may be too absolute. *See Todd*, 47 F.3d at 1453. It is enough to resolve whether this record supports the finding of a self-inflicted injury. We agree that a reasonable person could find this evidence adequate to conclude that there occurred an intentional self-inflicted injury within the policy. There is no evidence that any conflict of interest affected that determination. We find no abuse of discretion.

*D. Attorney's Fees*

On cross-appeal, Sun Life challenges the denial of attorney's fees. Ruiz moves that this court award attorney's fees, and Sun Life moves to strike that motion.

We consider Sun Life's argument on cross-appeal first, that the district court erred in denying Sun Life attorney's fees. ERISA grants the court discretion to award attorney's fees and costs to either party, and we review the district court's decision only for abuse of that discretion. 29 U.S.C. § 1132(g)(1); *Todd*, 47 F.3d at 1458. In awarding attorney's fees, courts are generally

required to consider the five factors articulated by this court in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

In its Order Denying Attorneys' Fees and Granting Costs, the district court considered each of the *Bowen* factors and denied Sun Life attorney's fees. We find no abuse of discretion.

Ruiz moves that this court grant attorney's fees. A motion for attorney's fees must be filed within fourteen days of the entry of judgment. Fed. R. Civ. P. 54(d)(2). Ruiz filed this motion in September of 2009, over nine months after the district court's judgment. We deny this untimely motion.

The district court's grant of summary judgment in favor of Sun Life is AFFIRMED. The district court's order denying Sun Life attorney's fees is AFFIRMED. Ruiz's motion for attorney's fees is DENIED. Sun Life's motion to strike Ruiz's motion for attorney's fees is DISMISSED as moot.